THE GERMAN–AMERICAN BANK of Tonawanda, N. Y., Responaent, *v.* CORNELIUS DALY, Appellant, Impleaded with JOHN CHARLTON and Another.

SAME, Respondent, *v.* SAME, Appellant.

*Promissory note — proof of the time of its inception — contradiction of the complaint, when competent.*

The complaint, in an action brought by a bank upon a promissory note, alleged in the usual form that the note was made by the maker, payable to the order of the payees, who indorsed the same and delivered it to the plaintiff in the action before maturity, and such allegations were not denied by the answer. The case was tried upon the theory that the question as to when the note had its inception was open to litigation, and the claim that the plaintiff was concluded by the allegations of its complaint was first taken on an appeal from a judgment rendered in favor of the plaintiff.

*Held,* that the plaintiff was not precluded from showing upon the trial of the action that the note which was claimed to be usurious had its inception in fact when delivered to the plaintiff and not in the hands of the payees named therein.

APPEAL by the defendant, Cornelius Daly, in each of the above-entitled actions, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 31st day of January, 1895, upon the verdict of a jury in favor of the plaintiff

and against the defendant Cornelius Daly, rendered by direction of the court after a trial at the Erie Circuit.

The actions were brought to recover upon two certain promissory notes. The complaints were in substantially the same form, and in the first above-entitled action the complaint contained the following, among other allegations:

"That heretofore, and on or about the 19th day of March, 1894, at the city of New York, N. Y., the said defendant Cornelius Daly made his certain promissory note in writing, bearing date on that day, whereby for value received he promised to pay to the order of the said defendants John Charlton and Thomas Charlton, under the name of J. & T. Charlton, the sum of $2,700, at the Mutual Bank, New York city, three months after the date thereof, and then and there delivered the said note to the said defendants John Charlton and Thomas Charlton.

"That the said John Charlton and Thomas Charlton afterward indorsed the said note, under the name of J. & T. Charlton, and the same was thereupon and before it became due and payable, for value received, duly transferred to the plaintiff, which thereupon became and ever since has been the true and lawful owner and holder thereof."

*John R. Halsey*, for the appellant.

*Patton, Vroman & Fish*, for the respondent.

LEWIS, J.:

The defendant Daly made his promissory note for the sum of $2,700 on the 19th day of March, 1894, payable three months after date to the order of J. & T. Charlton; the payees thereafter, and before the note became due, indorsed and delivered it to the plaintiff in renewal of a note for a like amount held by the plaintiff which was made by the same maker to the order of the Charltons and indorsed by them. The note having matured and not being paid, this action was commenced. The defendant Daly interposed an answer alleging that the note had its inception in the hands of the payees and was void for usury; at the close of the evidence each party requested a direction of a verdict; the said defendant's request was refused and that of the

plaintiff was granted. There was evidence tending to prove the following facts: The defendant Daly purchased of the Charltons in 1891 a quantity of doors, sash and house trimmings, in payment for which he gave them his promissory note for $3,000, payable to their order three months after date; the payees indorsed the note and before it became due sold it for value to the plaintiff, a banking corporation located at Tonawanda, N. Y. When the note fell due it was renewed from time to time by the notes of Daly indorsed by the Charltons; they were delivered to and accepted by the plaintiff, Daly in each instance sending his note for the amount of the one coming due and his check for the amount of the discount to the Charltons, and they delivered them to the plaintiff, and the plaintiff handed the maturing note to the Charltons, who mailed it to the defendant. The bank charged and Daly paid interest upon each renewal at the rate of seven per cent per annum; there was evidence tending to show that Daly in some instances sent to pay the discount, his check for an amount equal to eight per cent per annum, and when that occurred the Charltons paid the bank the seven per cent interest and retained to themselves the extra one per cent, claiming it for their trouble in procuring the renewal; in some instances Daly failed to send sufficient funds to pay the bank the amount of the discount; when that occurred the Charltons made up the amount and Daly thereafter reimbursed them. Plaintiff's cashier and one of the payees testified that the entire series of notes, including the one in suit, were the property of the bank; this evidence was taken without objection.

The trial court in directing the verdict must have found that the note had its inception in plaintiff's hands; the defendants' counsel does not claim that the usury defense can be sustained if this finding was correct; but it is his contention that it is alleged in the complaint and admitted by the answer that the note had its inception in the hands of the Charltons. The complaint was drawn in the usual form of complaints upon promissory notes. It is alleged that the note was made by the maker Daly, payable to the order of J. & T. Charlton; that they indorsed the same and delivered it to the plaintiff before maturity, etc., and these allegations were not denied by the answer, and the defendant claims from this that it follows that the note had its inception in the hands of the Charltons.

This claim was not suggested upon the trial. The case was tried upon the theory that that was one of the questions open to be litigated, and it was litigated. Had the point been raised at the trial the complaint could have been amended if it was thought necessary to conform it to the evidence.

It is too late to raise this question upon appeal. It is not claimed by the appellant that the taking of more than six per cent interest by the plaintiff imperiled the principal, nor that the amount of extra interest received could be set off against the claim, if the note had its inception in the bank. No such defense was pleaded.

Similar questions are presented by appeal No. 2, which is between the same parties, and was submitted with this case.

The judgment in both cases should be affirmed.

BRADLEY, WARD and DAVY, JJ., concurred.

Judgments affirmed.